CLAY, Circuit Judge,
dissenting.
The majority finds that there is a genuine dispute as to a material fact which precludes summary judgment solely because Plaintiff has alleged that the position to which she was moved after returning from leave required less legal work. I disagree. Even taking Plaintiffs allegations in the light most favorable to her, this is specifically the kind of intangible or de minimis distinction that does not give rise to a claim under the FMLA. Furthermore, while the standard for summary judgment requires us to resolve all reasonable inferences in favor of the non-moving party, where, as in this case, Plaintiff has not produced any evidence beyond her assertions at a deposition that the two jobs were different, we do not have to credit those assertions in light of the entire record. See Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir.2012) (“[A] mere ‘scintilla’ of evidence in support of the non-moving party’s position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in *630 her favor”) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Defendant repeatedly granted Plaintiff leave under the FMLA, and her employment history indicates that despite numerous grants of leave, Plaintiff has continued to advance in her career with Defendant. Plaintiffs bare allegations regarding the differences between the two positions, in light of this record, are not enough to create a genuine dispute as to a material fact. See Villegas v. Metro. Gov’t of Nashville, 709 F.3d 563, 568 (6th Cir.2013). Accordingly, I respectfully dissent.
A plaintiff seeking redress under the FMLA has two theories available to her in this Court: “(1) the ‘entitlement’ or ‘interference’ theory arising from 29 U.S.C. § 2615(a)(1); and (2) the ‘retaliation’ or ‘discrimination’ theory arising from 29 U.S.C. § 2615(a)(2).” Hoge v. Honda of Am. Mfg., Inc., 384 F.3d 238, 244 (6th Cir.2004). Plaintiff makes claims under both of these theories. First, she claims that Chase interfered with her rights under the FMLA by not returning her to an equivalent position upon her return to work. Next, she claims that Chase retaliated against her for taking FMLA leave. The district court found that as a matter of law, Plaintiff could not prevail on either claim.
1. Interference Under the FMLA
Under the FMLA, “[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.” 29 U.S.C. § 2615. In order to show that a defendant interfered with one’s rights under the FMLA:
[Plaintiff] must establish that (1) she was an eligible employee, (2) [Defendant] is a covered employer, (3) she was entitled to leave under the FMLA, (4) she gave [Defendant] notice of her intent to take leave, and (5) [Defendant] denied her FMLA benefits or interfered with FMLA rights to which she was entitled.
Hoge, 384 F.3d at 244. As in Hoge, the parties here only contest the fifth prong of this test, i.e., whether Defendant interfered with Plaintiffs FMLA rights.
Chase argues that Plaintiff returned to the same position she held before she left, and that even though her position changed a few weeks later, that position was the equivalent of her former position. Accordingly, they argue, there was no violation of Plaintiffs rights under 29 U.S.C. § 2614(a)(1). Under that section, an employee who takes leave under 29 U.S.C. § 2612 “shall be entitled, on return from such leave — (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.” 29 U.S.C. § 2614(a)(1).
An “equivalent position” is defined as “one that is virtually identical to the employee’s former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority.” 29 C.F.R. § 825.215(a). In addition, “[t]he requirement that an employee be restored to the same or equivalent job with the same or equivalent pay, benefits, and terms and conditions of employment does not extend to de minimis, intangible, or unmeasurable aspects of the job.” 29 C.F.R. § 825.215(f).
The district court found that the position as a quality analyst was the equivalent of *631 her prior position. Plaintiff does not allege that there was any difference in pay, benefits, or working conditions, but instead argues that her new position required less skill; in particular, she used less of her legal knowledge than she had in her prior position, and had more clerical work. But Plaintiff effectively conceded to the district court that her job duties did not change.
The majority is too quick to accept Plaintiffs assertion that the position required “less” legal work, without examining whether that assertion would even matter or whether the phrase makes sense in the context of the FMLA. Even taking Plaintiffs complaints about the type of work she was doing at face value, if there has not been a change in pay or pay grade, then differences in the complexity of work are the kinds of de minimis, intangible, or unmeasurable parts of a job that specifically do not give rise to a claim under the FMLA. Donahoo v. Master Data Center, 282 F.Supp.2d 540, 552 (E.D.Mich.2003) (collecting cases from the Fourth and First Circuits). The extent to which her new position required her to use skills gained in law school is one of these types of unmeasurable distinctions. Certainly, neither position’s responsibilities could include actual legal work, because if either had included such a requirement, then the position presumably would have required admission to the state bar. By the logic that the majority embraces, almost any change in job would give rise to a claim under the FMLA, so long as a plaintiff could claim that a skill learned in their past was devalued in some way. By this reasoning, even a promotion might expose an employer to liability — an administrator at a hospital, for example, might no longer need the skills he or she learned in nursing or medical school, and a primary school teacher who becomes a literacy specialist might no longer need to teach mathematics. In addition, Plaintiff has not provided evidence that would permit a court to make a finding that there was, in fact, more clerical work or that the work required less skill. Accordingly, Plaintiff cannot show that her new position was not the equivalent of her old position, and therefore, cannot show that Defendant interfered with her rights under the FMLA.
Furthermore, even if the positions might be different enough to allow a claim under the FMLA, the evidentiary record in this particular case, taken as a whole, does not support Plaintiffs allegation. Once the moving party has set forth the basis for a motion for summary judgment, the non-moving party “must set forth specific facts showing that there is a genuine issue for trial.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This requires the nonmoving party to “go beyond the pleadings” and produce evidence of its position. Celotex v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiff in the instant case has produced only her own testimony at a deposition as to the duties and responsibilities of the position to which she was transferred. The rest of the record, including other parts of Plaintiffs testimony, suggest strongly that her duties remained the same.
Finally, even if Plaintiff could show that there was a difference in the two positions, she would still be unable to succeed in this claim, because “interference with an employee’s FMLA rights does not constitute a violation if the employer has a legitimate reason unrelated to the exercise of FMLA rights for engaging in the challenged conduct.” Edgar v. JAC Products, Inc., 443 F.3d 501, 508 (6th Cir.2006). The district court found — and Plaintiff presents no meaningful argument to contradict the finding — that Defendant had presented evidence of such a business reason. In essence, the department decided it needed to *632 retain Plaintiff, because the group to which she was assigned had more than enough work, but her former position did not have enough responsibilities to justify its existence and this explains her reassignment. Accordingly, even if one construes Defendant’s decision to retain Plaintiff as some form of interference, on the uncontradicted record before this Court it would not give rise to a claim under the FMLA.
2. Retaliation Under the FMLA
In addition to her claim for interference, Plaintiff alleges that Defendant retaliated against her for using FMLA benefits by shifting her position from project manager to quality analyst. To state a claim for retaliation or discrimination under the FMLA, a plaintiff must show “that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action.” Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 707 (6th Cir.2008). Because a plaintiff does not need to show direct evidence of that causal connection, see id; Edgar, 443 F.3d at 508, this retaliation claim is evaluated under “the familiar burden-shifting test articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).” Edgar, 443 F.3d at 508.
Under the McDonnell Douglas test, if Plaintiff can make out a prima facie claim of retaliation, then the burden shifts to the employer to show “a legitimate, nondiscriminatory rationale” for the adverse employment action. Id. But Plaintiff cannot make a prima facie showing of retaliation. First, she cannot show an adverse employment action. As noted above, she was transferred to an equivalent position. Her primary argument is that after her transfer, she had to report to Mike McCall, whereas previously, she and McCall had both reported to the same supervisor, Parrish McIntosh. But this is insufficient; as the district court found, and Plaintiff presents no evidence to the contrary, McCall was not in a peer position. While he had been at the same level in the “organizational hierarchy,” (R. 55, McCall Deposition, filed Oct. 10, 2011, at 15,) he was responsible for supervision of other employees, something for which Plaintiff was never responsible. That he became responsible for supervising Plaintiff does not mean that she had been demoted. Furthermore, there was no evidence that this transfer was designed to silence Plaintiff or scare her away from future FMLA requests. The record shows that she was always given leave under the FMLA when she requested it. After her most recent leave she was given raises and eventually promoted, and she was later given permission to work from home. This also eliminates Plaintiffs ability to show a causal connection between her FMLA leave and any adverse consequences. There is no basis upon which this Court can infer that her transfer had anything to do with her FMLA leave, as she had taken leaves repeatedly before and not faced any adverse consequences. To the extent that she can show any adverse consequences, her evidence proves at best that Van Dam bore her some animus, but that animus seems to have been based on personal dislike, rather than retaliation cognizable under the FMLA.
Finally, even if Plaintiff were able to make out her prima facie case, Defendant has shown legitimate non-retaliatory reasons for the move. The e-mails between Fogle and Van Dam, for example, show that they made a decision based on the business needs of the unit. Plaintiff has introduced no evidence that shows this reason was pretextual, or any independent evidence of retaliation, and accordingly, *633 cannot prevail on a claim of FMLA retaliation.
For the foregoing reasons, I respectfully dissent.